**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2872
_____

KEMAR ROGELO WHITE,
                                        Appellant

v.

WARDEN PIKE COUNTY CORRECTIONAL FACILITY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:23-cv-01045)
District Judge:  Honorable Christopher C. Conner
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 15, 2024
Before:  SHWARTZ, RESTREPO, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: September 12, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**PER CURIAM**

Appellant Kemar White, proceeding pro se, appeals from the District Court's denial of his habeas corpus petition under 28 U.S.C. § 2241. For the following reasons, we will reverse that judgment and remand for further proceedings.

I.

White, a Jamaican citizen who became a lawful permanent resident of the United States in 2003, was charged as removable and placed in Immigration and Customs Enforcement ("ICE") detention in June 2022, pursuant to 8 U.S.C. § 1226(c). His requests for relief from removal have been denied, and his petition for review is stayed in the United States Court of Appeals for the Fourth Circuit pending a decision in another matter. See White v. Garland, C.A. No. 23-1703 (4th Cir. Dec. 13, 2023). In June 2023, White filed a § 2241 petition in the District Court. He argued that, given his year-long detention in prison—with no foreseeable end—he was entitled to an individualized bond hearing to determine whether the continued detention was necessary. The District Court denied the petition, concluding that although the conditions of White's detention weighed in favor of granting habeas relief, that detention "had not continued for an unreasonable duration." Dkt. No. 12 at 6. White filed a timely notice of appeal.

II.

We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). We exercise de novo review over the District Court's denial of habeas relief. See German Santos v. Warden Pike Cty. Corr. Facility, 965 F.3d 203, 208 (3d Cir. 2020).

2

III.

Under the Due Process Clause, the Attorney General may detain a noncitizen pursuant to § 1226(c) for a reasonable time, after which an individualized hearing is necessary. See id. at 210. Reasonableness is a fact-specific inquiry, which involves consideration of: (1) the detention's duration, the most important factor; (2) whether the detention is likely to continue; (3) the reasons for the delay; and (4) whether the conditions of confinement are meaningfully different from criminal punishment. Id. at 211.

Given its length, likelihood of continuing, and conditions, we conclude that White's ongoing detention has become unreasonable. Indeed, given its similarity to German Santos, that case controls our decision here. First, although there is no "bright-line threshold" for determining the reasonableness of a detention's duration, White has already been detained for more than two years, almost as long as the petitioner's "unreasonably long" two-and-a-half-year detention in German Santos. See id. at 211-12 (measuring length of detention at the time of appellate decision and noting that the detention was "more than double the six-month-to-one-year period that triggered a bond hearing" in Chavez-Alvarez v. Warden York County Prison, 783 F.3d 469 (3d Cir. 2015)); cf. Gayle v. Warden Monmouth Cty. Corr. Inst., 12 F.4th 321, 332 (3d Cir. 2021) (explaining that an "unreasonably long" detention under § 1226(c) "may be six months or more" (internal quotations omitted)). That length "weighs strongly" in White's favor. German Santos, 965 F.3d at 212.

3

Second, White's petition for review is stayed, and he will stay in prison as long as it takes for a decision to be issued. And because his petition for review is stayed pending another case, once that other case is decided, White and the Government may be required to provide supplemental briefing addressing the impact of that case. That would add months more in prison, which "strongly supports a finding of unreasonableness." Id. Third, we neither punish White for his "good-faith challenge[s] to his removal" nor do we discern carelessness or bad faith by the Government, so the reasons for delay do not favor either side. Id. at 211. Finally, White has been confined "alongside convicted criminals" for more than two years, in the same prison that caused us to conclude that a petitioner's "detention [was] indistinguishable from criminal punishment." Id. at 212-13. As in German Santos, "[t]hose conditions strongly favor a finding of unreasonableness." Id. at 213.

## IV.

Accordingly, like in German Santos, we are satisfied that the Government must hold a bond hearing to justify White's continued detention. We thus reverse the District Court's judgment and remand to the District Court to order a bond hearing.

4